2024 IL App (2d) 230577-U
No. 2-23-0577
Order filed March 8, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-677 |
| JORDAN M. COLLINS, | ) ) ) | Honorable Joseph C. Pederson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Schostok and Kennedy concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The order of detention is vacated and the cause remanded because the trial court failed to make findings as to whether any condition or combination of conditions could mitigate the threat that defendant's pretrial release would pose.

¶ 2   Defendant, Jordan M. Collins, timely appeals the December 6, 2023, order of the circuit court of De Kalb County granting the State's petition to deny him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), commonly known as the Pretrial Fairness Act (Act).  See Pub. Acts. 101-652, § 10-255, 102-1104,

§ 70 (eff. Jan. 1, 2023).[1] Specifically, defendant argues that the State failed to meet its burden of proving that he poses a real and present threat to the safety of any person or the community, and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community. Defendant further argues that the trial court's findings summarizing its reasons for denying him pretrial release, including why less restrictive conditions would not have adequately protected any person or the community, were insufficient. For the following reasons, we vacate and remand with instructions.

¶ 3                                    I. BACKGROUND

¶ 4     On December 6, 2023, defendant, an Elgin police officer, was charged by complaint with five counts of possession of child pornography, all Class 2 felonies (720 ILCS 5/11-20.1(a)(6) (West 2022)). That same day, the State filed a verified petition to detain defendant, alleging that he was charged with detainable offenses and that his pretrial release would pose a real and present threat to the safety of any person or persons or the community.

¶ 5     The matter immediately proceeded to a detention hearing. Relying on a synopsis prepared by an investigator with the Office of the Illinois Attorney General, the State emphasized that the offenses concerned defendant's possession of "dozens[,] if not hundreds" of video files depicting prepubescent females engaged in various sexual acts, including with adult males and adult females. The files were located on defendant's laptop and two flash drives. The State argued that

_____

[1]The Act has also been referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. However, neither "Pretrial Fairness Act" nor "SAFE-T Act" is an official title, as neither of those names appear in the Illinois Compiled Statutes or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

defendant's release would pose a real and present threat to the safety of any person or persons in the community, and that there were no conditions that can mitigate that. It emphasized that (1) the videos primarily depicted pornography of children under the age of 13 and, in at least two videos, "you can actually see and hear them being extorted to create [child sexual abuse] material for the person who is filming;" (2) defendant held a position of authority in the community and was obligated to protect children, not exploit them; (3) defendant resided across the street from a high school; and (4) defendant owns a large number or weapons and a significant quantity of ammunition.

¶ 6    The State also apprised the court as to the progress of the investigation. It stated that digital forensic examiners had not yet completed their review of the evidence, including defendant's cell phone, and that the State was "still determining whether or not some of those offenses are going to include dissemination, solicitation, reproduction, or [whether] it is just going to be all possession charges." The State explained that it "filed five [counts] to get the ball rolling." It also noted that, during the search of defendant's residence, investigators "observed a large mattress on the [basement] floor with a nightstand and lamp next to it and a large number of Meals Ready-to-Eat (MREs)," as well as a sex toy near the laundry area and plastic mattress covers in the laundry basket. The State asserted that, "[h]onestly, it's too soon to know exactly what is going on there, but[,] given the nature of the charges [defendant is] facing, it's certainly something that caused the investigators concern during their search of [defendant's] house." Nevertheless, "at this point, we can't say that the person filming or creating that [material] is the defendant."

¶ 7    In response, defense counsel argued that he should be released pending trial because the State failed to present any specific facts that indicated that he posed a threat to anyone, as well as that defendant was alleged only to possess illicit material, and not that he produced or publicly

disseminated it. Counsel also pointed to several mitigating factors, including defendant's lack of a criminal record and that he scored a 0 out of a possible 14 on the Virginia Pretrial Risk Assessment, meaning that there was a 96% probability that he would appear for all future court dates and that he would not reoffend during the pendency of the case. Counsel further argued that the trial court's decision regarding pretrial detainment should be based "on the charges that are before the Court, not on any speculative charges that may appear in the future."

¶ 8 Following the parties' arguments, the trial court recounted the evidence and made a series of findings. First, it found that the State proved by clear and convincing evidence that defendant committed the qualifying offense of possession of child pornography, stating that "[t]he information contained in the synopsis is more than sufficient." The court next evaluated whether the State proved by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons in the community. It noted that the investigation was ongoing as to whether "defendant was involved in the production or dissemination of any child pornography," but that defendant was nevertheless charged with possession of child pornography, which is a detainable offense. See 725 ILCS 5/110-6.1(a)(5) (West 2022). The court acknowledged that defendant "has no criminal history," but the evidence showed he had engaged in criminality over a prolonged period of time prior to his arrest, because he downloaded "numerous files *** involving child pornography" starting in March 2023. It also found that defendant posed a threat to any minors that he may come into contact with, because he possessed child pornography, lives across the street from a high school, and "may or may not have been involved in producing" child pornography. The court further noted that defendant possessed "numerous firearms, as he is a police officer." Based on these factors, the court found that defendant posed a real and present threat to the safety of any person or the community "by his

conduct, including possession of child pornography that's alleged in the complaint, as well as the other information contained in the *** synopsis," and that there was no condition or combination of conditions that could mitigate that real and present threat. In granting the State's petition, the court signed a preprinted form order, and it checked the boxes that were applicable to reflect its ruling. The form provided space for the court to elaborate regarding its reasons for concluding defendant should be denied pretrial release, but that portion of the order was left blank.

¶ 9    Defendant timely filed a notice of appeal on December 18, 2023, and, on February 2, 2024, he filed a memorandum in support of his appeal as contemplated in Illinois Supreme Court Rule 604(h)(2) (eff. October 19, 2023).

¶ 10                                  II. ANALYSIS

¶ 11    In Illinois, all persons charged with an offense are eligible for pretrial release, which is governed by article 110 of the Code, as amended by the Act. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). Under the Code, as amended, a defendant may be denied pretrial release where he or she poses a real and present threat to the safety of any person or the community or has a high likelihood of willful flight to avoid prosecution. *Id.* § 110-6.1(a). To overcome the presumption that a defendant is eligible for pretrial release, the State bears the burden of proving, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed an offense that qualifies for pretrial detention, (2) the defendant poses a real and present threat to the safety of any person in the community based on the specific and articulable facts of the case, and (3) no condition or combination of conditions of pretrial release can mitigate the real and present threat to the safety of any person or the community, based on the specific and articulable facts of the case. *Id.* § 110-6.1(e).

¶ 12    We review the trial court's decision to deny pretrial release under a bifurcated standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13.  That is, we apply the manifest-weight-of-the-evidence standard to the trial court's factual findings, including whether a defendant poses a threat and whether any condition or combination of conditions could mitigate that threat.  *Id.*  A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent. *In re Marriage of Kavchak*, 2018 IL App (2d) 170853, ¶ 65.  As for the trial court's ultimate determination of pretrial release, we review for an abuse of discretion.  *Trottier*, 2023 IL App (2d) 230317, ¶ 13.  An abuse of discretion only occurs when the trial court's determination is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court.  *Id.*

¶ 13    Defendant first argues that the trial court erred in concluding that the State proved by clear and convincing evidence that he poses a real and present threat to the safety of any person or the community, based on the specific, articulable facts of the case.  His argument appears to be twofold.  First, he argues that the State's verified petition was inadequate because it was a "generic 'check-the-box' form," which did not contain any specific facts "as to how [d]efendant is a threat of any kind."  He contends that "the only specific information that is related to this case in the entire body of the [p]etition is the case caption and identity of the prosecutor whose name is affixed to the pleading."  Second, he contends that the detention order was deficient because it was not individualized as to defendant.  He asserts that the order "does not mention a single particular fact or circumstance [regarding the instant case], nor does it touch on any of the statutorily enumerated facts relating to the Defendant's threat level."  We address each part, in turn.

¶ 14    Section 110-6.1(d) of the Code governs the contents of the State's verified petition to detain a defendant pending trial.  It provides:

"The petition shall be verified by the State and shall state the grounds upon which it contends the defendant should be denied pretrial release, including the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts or flight risk, as appropriate." 725 ILCS 5/110-6.1(d)(1) (West 2022).

Here, the State filed a preprinted "form" petition entitled "Verified Petition to Deny Defendant Pretrial Release" and which specifies that defendant has been charged with possession of child pornography. The second paragraph of the form petition consists of numerous boxes that may be checked to specify the grounds upon which the State contends the defendant should be denied pretrial release. In this case, the State placed a checkmark next to box (f), which signifies that it wished to deny defendant's pretrial release because he "is charged with any offense under Article 11 of the Criminal Code of 2012, except for Sections 11-14, 11-14.1, 11-18, 11-20, 11-30, 11-35, 11-40, and 11-45 of the Criminal Code of 2012, or similar provisions of the Criminal Code of 1961[,] and the defendant's pretrial release poses a real and present threat to the physical safety of any person or persons or the community." This language meets the requirements of section 110-6.1(d) because it identified the specific grounds upon which the State sought to deny defendant's pretrial release. Moreover, the petition asserted that the State intended to present evidence at the detention hearing by way of proffer (see 725 ILCS 5/110-6.1(f)(2) (West 2022)), and it was filed contemporaneously with the five-count complaint that initiated these proceedings and a three-page, single-spaced typed synopsis prepared by the Office of the Illinois Attorney General. No serious argument can be made that defendant lacked notice of the factual basis for the State's detention petition or that these documents—particularly the synopsis—do not constitute "specific and articulable" facts under section 110-6.1(d). Defendant's implied argument, that the State should have expressly indicated in the petition that it was relying on the synopsis to provide the

factual basis to support its argument that defendant posed a threat, elevates form over substance, and we therefore reject it.

¶ 15    We now turn to address the adequacy of the trial court's written order.  Section 110-6.1(h)(1) of the Code requires that, if the circuit court orders that a defendant be detained pending trial, it must "make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case."  725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 16    Here, the court's written order is a preprinted "form" order upon which the court checked various boxes to reflect its ruling but, as defendant points out, it is devoid of any written findings that touch upon the specific articulable facts of this case.  Instead, the order consists only of checked boxes indicating that the court found that there was clear and convincing evidence, under the "[d]angerous [s]tandard," that the proof is evident or the presumption great that defendant committed a detainable offense, that his pretrial release would pose a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and that no condition or combination of conditions could mitigate that real and present threat. The form also lists a series of boxes that are available for the court to check regarding its "reasons for concluding the Defendant should be denied pretrial release and why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or community, based on the specific articulable facts of the case."  The boxes appear to be based on the factors courts are to consider when determining whether a defendant is dangerous under section 110-6.1(g) of the Code.  The court ticked three boxes in this section of the form, namely, "[n]ature and circumstances of the offense(s) charged;" "[t]he identity of any person or persons to whose safety

the defendant is believed to pose a threat, and "[d]efendant is known to possess or have access to weapons." As noted, the form provides space for the court to elaborate on the basis for its findings, but the court left this portion of the form blank.

¶ 17 The lack of express written findings does not necessarily mean that the requirements of section 110-6.1(h)(1) are unsatisfied or that reversal is required, however. In *People v. Andino-Acosta*, 2024 IL App (2d) 230463, ¶ 19, we held that in evaluating the sufficiency of a trial court's findings, its written findings must be read in conjunction with its oral pronouncement. In support, we reasoned that the purpose of the written findings requirements was to "ensure that detention decisions were based upon specific articulable facts and were individualized to each defendant and to provide notice to the parties of the reasons for the court's decision and to preserve this reasoning for appellate review." *Id.* While we strongly prefer that trial courts summarize their reasons in writing for denying a defendant pretrial release and why less restrictive conditions would not mitigate the threat, oral findings can nevertheless satisfy the requirements of section 110-6.1(h)(1) if those findings are explicit, individualized, and based on articulable facts presented at the hearing.

¶ 18 Here, the trial court's oral pronouncement adequately outlined its reasons for concluding that defendant posed a real and present threat to the safety of a person or the community. Under section 110-6.1(g), a trial court may consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a sex offense; (2) the history and characteristics of the defendant, including prior criminal history and any evidence of psychological or psychiatric history; (3) the identity of any person or persons to whose safety the defendant is believed to pose a threat, and the nature of the threat; (4) any statements made by or attributed to defendant; (5) defendant's age and physical condition; (6) the age and physical condition of any victim or complaining witness; (7) whether the defendant possesses or has access

to any weapons; (8) whether, at the time of the offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release from custody pending trial, sentencing, appeal or completion of sentence for an offense under federal or state law; and (9) any other factors. 725 ILCS 5/110-6.1(g)(1)-(9) (West 2022).

¶ 19    The record demonstrates that the trial court considered and expressly weighed each of the above-referenced facts when orally pronouncing its judgment. The court observed that possession of child pornography, of which defendant was charged, constituted a sex offense under section 3-1-2(a-5)(i) of the Unified Code of Corrections (730 ILCS 5/3-1-2(a-5)(i) (West 2022)). It also noted that defendant had no reported criminal history, but that the synopsis reflected that defendant had actively consumed child pornography of minors under the age of 13 and downloaded numerous such files between March 2023 and October 2023. The court also commented regarding the evidence that was recovered from defendant's residence and that the investigation was ongoing as to whether defendant had produced or disseminated child pornography.

¶ 20    Continuing in its analysis of the applicable factors, the court found that defendant was a threat to any minors that he may come in contact with, including students who attend the high school across the street from defendant's residence. This finding was grounded in the connection between possession of child pornography and child molestation, as recognized by a significant body of caselaw, as well as the common sense understanding that individuals who collect child pornography do so because they sexually desire children. See generally *People v. Reyes*, 2020 IL App (2d) 170379, ¶ 109 (Birkett, J., specially concurring). The court additionally noted that defendant possessed "numerous firearms" on account that he was a police officer, which the State emphasized could pose a danger to the community and "potentially to [defendant] if he's released." Concerning "any other factors," the court again noted that the investigation was ongoing as to

whether defendant was involved in the production or dissemination of child pornography, but that, nevertheless, "even possession of child pornography is an offense that *** is detainable." The court also appropriately observed which statutory factors lacked any evidence in the case, including any statements made by or attributed to defendant or his psychological or psychiatric history. The record therefore rebuts defendant's assertion that the court's order was "entirely devoid of specific facts related to this case that demonstrate or suggest [he] is a danger to anyone." Based on the trial court's meticulous consideration of each factor set forth in section 5/110-6.1(g) of the Act, we conclude that the trial court's finding that the State proved by clear and convincing evidence that he was a threat to any individual or the community was not against the manifest weight of the evidence.

¶ 21 Our inquiry does not end there, however. As noted, section 110-6.1(h)(1) of the Code requires that, if the circuit court denies a defendant pretrial release, it must also "make a written finding summarizing *** why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(h)(1) (West 2022). As we have explained, section 110-6.1(h)(1) may be satisfied, even in the absence of written findings, as long as the trial court makes explicit and individualized oral findings on the record. *Andino-Acosta*, 2024 IL App (2d) 230463, ¶ 19.

¶ 22 Here, although the trial court's oral pronouncements adequately explained why defendant posed a threat to the safety of any person or the community based on the specific articulable facts of the case, it neither considered any condition or combination of conditions that it could impose nor explained why those less-restrictive conditions would not mitigate that risk. Rather, after finding that defendant posed a real and present threat to the safety of a person or the community,

the court summarily concluded, without any analysis or explanation, that there likewise were "no conditions or combination of conditions that can mitigate that real and present threat."

¶ 23    In addition to the mandatory conditions set forth in section 110-10(a) that apply to all defendants who are released pending trial, section 110-10(b) provides a non-exhaustive list of additional, discretionary conditions that trial courts may impose. 725 ILCS 5/110-10(a), (b) (West 2022). As noted in defendant's memorandum, there were a number of conditions at the trial court's disposal that arguably could mitigate the danger that the court found defendant posed. For example, the court could have prohibited defendant from accessing the internet, possessing any device that could access the internet, having any contact with minors, or residing near a school. Additionally, the court could have required that defendant wear an electronic monitoring device, surrender his firearms and ammunition, and not possess any dangerous weapons. In short, the court failed to explore whether these less-restrictive alternatives, or any others for that matter, would avoid a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case.

¶ 24    For its part, the State cites only "the continuing investigation" in support of the court's finding that there was no condition or combination of conditions that could mitigate the real and present threat. The State makes no other argument on this point. As noted, at the hearing, the State emphasized that the digital forensic examination of defendant's cellphone had not yet been completed, and it candidly admitted that it was "too soon to know exactly what is going on" regarding the items that were discovered in defendant's basement. The State's reliance on the ongoing nature of investigation as a basis to support the court's finding that defendant posed a threat is misguided. Put simply, the argument is grounded in speculation rather than the specific and articulable facts of the case. We also note that the Act expressly allows the State to seek to

file a second or subsequent petition to detain in the event that new facts are discovered that were not known or obtainable at the time the initial petition to detain was filed. See 725 ILCS 5/110-6.1(d)(2) (West 2022).

¶ 25    Based on the above, we cannot say that the State proved by clear and convincing evidence that no condition or combination of conditions would mitigate any threat to any person or the community. We therefore vacate the trial court's detention order and remand the matter for the trial court to conduct a proper hearing regarding which pretrial release conditions, if any, would assure the safety of any person or the community. We express no opinion as to whether defendant should be released pending trial and, if so, which conditions would be appropriate. We emphasize that should the trial court decide to detain defendant, it must make written, individualized findings as to why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community.

¶ 26                                 III. CONCLUSION

¶ 27    For the foregoing reasons, we vacate the order of detention entered by the circuit court of De Kalb County and remand for further proceedings consistent with this order. Mandate to issue *instanter*.

¶ 28    Vacated.