NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240372-U

NO. 4-24-0372

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 6, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| JAMES E. PHILLIPS, | ) | No. 24CF97 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert K. Adrian, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justice Steigmann and Justice Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2    Defendant, James E. Phillips, appeals the trial court's order denying him pretrial release under section 110-6.1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a) (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On February 8, 2024, the State charged defendant with three counts of possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2022)). According to the information, defendant was charged for the possession of three different videos, each involving a female child under the age of 13.

¶ 5    The same day, the State filed a verified petition to deny defendant pretrial release

under section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a) (West 2022)). The State alleged defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community and no condition or combination of conditions can mitigate that threat.

¶ 6        An arrest report and a pretrial services report were filed with the State's petition. The arrest report was authored by James Brown, a law-enforcement officer with the Quincy Police Department. According to Officer Brown, he received the case after Google flagged an account and reported a user for possession of possible child pornography on August 25, 2023. The account subscriber's information matched defendant's name and date of birth, and the "frequently used IP address" was issued to defendant's address. The number for the cell phone found on defendant at the time of the arrest matched the number on the account reported by Google. Search warrants for defendant's Google and Yahoo accounts revealed a majority of personal photos belonging to defendant. Google's search also returned "17 child exploitive videos that were associated and trigg[er]ed the cybertips." The videos "featured minor females in various states of undress engaged in masturbatory activity or engaged in sexual actives [*sic*] with an unknown adult." The report describes three of the videos, the ones for which charges were brought.

¶ 7        Officer Brown reported, upon placing defendant on arrest for child pornography, defendant and his wife "started stating his account was hacked." Officer Brown reported the living conditions of the residence were "some of the worse [*sic*] that I have seen." The Illinois Department of Children and Family Services (DCFS) responded and took protective custody of the children. In addition to the living conditions, "there were several locations [with] cannabis paraphernalia, cannabis, and cannabis wax," and these locations "were unsecured from the children." A DCFS agent at the scene advised defendant had "been previously 'indicated' by

DCFS for sexual molestation of a previous [stepdaughter]." Officer Brown reported defendant had an arrest in Virginia on January 22, 1994, for felony aggravated sexual battery and felony rape but was found not guilty.

¶ 8 According to the pretrial services report, defendant was married and living with his wife and three children, who were 21, 17, and 16. They had resided at the same address for 15 years. Defendant worked at Papa Johns for six months, earning $15 an hour, for 25 hours per week.

¶ 9 Defendant had a criminal history, largely comprised of traffic offenses, for which defendant paid fines. However, in March 2004, defendant was convicted of resisting a peace officer. He was sentenced to 12 months' conditional discharge, which terminated successfully. In July 2018, defendant was charged with operating an uninsured motor vehicle and sentenced to six months' supervision, which was terminated successfully. On January 22, 1994, defendant was charged with sexual battery, a misdemeanor, for which he was found guilty in June 1994.

¶ 10 The author of the pretrial services report used the Revised Virginia Pretrial Risk Assessment Instrument to estimate a 96% probability no new offenses would occur during the pendency of the case. The author concluded, "Pretrial Supervision would not be beneficial because the defendant is low risk."

¶ 11 Also that day, a detention hearing was held. Neither side proffered any additional evidence. Defense counsel argued, "I suspect that those children have been removed from the home based on what was described here that DCFS has followed up and removed those children from the home so even if [defendant] were released, he would not have any contact with those children." Counsel argued conditions could be put in place to keep defendant from being on the Internet. Counsel further suggested defendant could be tracked using global-positioning

technology.

¶ 12 At the close of the hearing, the trial court ruled as follows:

"First of all, the Court would find by clear and convincing evidence that that the defendant is a risk to persons or the community based on the nature of this charge, the evidence that they were separate videos found on his Google account depicting minors. The Court recognizes he does—has limited criminal history. However, the limited criminal history that he has is a— concerns a sexual battery and the Court recognizes it was 30 years ago but the Court can still consider that in making its findings.

The Court would find probable cause for these offenses so the defendant would not be entitled to a preliminary hearing or would need to be indicted. The Court would detain then [defendant]."

¶ 13 Using a preprinted form, the trial court entered a written order finding the State proved the dangerousness standard by clear and convincing evidence. On the lines provided for the reasons "why less restrictive conditions cannot mitigate the real and present threat," the court checked boxes next to "Nature and circumstances of the offense(s) charged" and "Defendant's prior criminal history is indicative of violent, abusive, or assaultive behavior."

¶ 14 This appeal followed.

¶ 15 II. ANALYSIS

¶ 16 On February 22, 2024, defendant filed a notice of appeal challenging the order denying him pretrial release under Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023).

- 4 -

Defendant's notice of appeal is a completed form from the Article VI Forms Appendix to the Illinois Supreme Court Rules (see Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023)), by which he asks this court to overturn the trial court's order denying him pretrial release and permit him to be released with an imposition of conditions. The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked two grounds for relief and provided no additional detail on the lines below. Defendant filed a supporting memorandum.

¶ 17 The first ground for relief is the State failed to meet its burden of proving by clear and convincing evidence defendant poses a real and present threat to the safety of a person or persons or the community. In his memorandum, defendant argues the State provided no specific facts in its verified petition and, at the detention hearing, "presented little to no evidence that [defendant] was a 'real and present threat' beyond" the "generalized threat inherent in the charge itself."

¶ 18 All criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). Before the State may overcome that presumption and secure pretrial detention of a criminal defendant under section 110-6.1(e), the State must prove multiple elements. One is to prove by clear and convincing evidence "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." See *id.* §§ 110-6.1(a)(1.5), (e)(2). The Code gives the trial court broad discretion in choosing what factors to consider in making this determination. See *id.* § 110-6.1(g) (setting forth factors a trial court may consider when considering dangerousness). These factors include the nature and circumstances of the offense charged (*id.* § 110-6.1(g)(1)) and defendant's history and characteristics, including whether there is evidence of violent,

abusive, or assaultive behavior (*id.* § 110-6.1(g)(2)(A)).

¶ 19        Since the Code became effective, this court has applied the abuse-of-discretion standard of review to decisions on pretrial release. See *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. Defendant asks this court, however, to reverse course and apply the manifest-weight-of-the-evidence standard of review. Recently, this court revisited the standard of review and addressed this very question in *People v. Morgan*, 2024 IL App (4th) 240103, ¶¶ 13-14, 35. Ultimately, we decided to "continue to abide by our prior holdings that a trial court's decision and findings on issues of pretrial detention are appropriately reviewed under the abuse of discretion standard." *Id.* ¶ 35. We will do so here. An abuse of discretion will be found only if we find the decision of the trial court to be unreasonable, arbitrary, or fanciful or we find no reasonable person would agree with the trial court's decision. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 20        Returning to the issue of whether defendant's release poses a threat, we find no abuse of discretion. The trial court indicated it considered the nature and circumstances of the offenses as part of the reasons for its decisions. The nature and circumstances surrounding the offenses indicate the videos referenced in the State's charging instrument were just 3 among 17 videos of child pornography. The videos were found in a house in which minors resided, and in a house where adult items, cannabis and cannabis paraphernalia, were unsecured from the children. While defense counsel argues he believed the children were removed, there is no indication removal of the children has occurred. While the only sex offense defendant was convicted of occurred 30 years before, the court gave some weight to that offense. That decision, and the conclusion defendant is a threat, is not unreasonable, fanciful, or arbitrary and not one with which no reasonable person would agree. See *id.*

¶ 21    For his second ground for relief, defendant argues the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate his real and present threat. In his memorandum, defendant emphasizes the State failed "to argue, much less present clear and convincing evidence, that no condition of release could mitigate any potential threat." Defendant maintains the State has, therefore, forfeited this argument.

¶ 22    Before pretrial release may be denied under the dangerousness standard, subsection (e)(3)(i) of the Code requires the State prove "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate *** the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(e)(3)(i) (West 2022). In its detention order, the trial court must "make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat *** based on the specific articulable facts of the case." *Id.* § 110-6.1(h)(1).

¶ 23    We are not convinced the State has forfeited its argument. We note defendant cites no authority for this contention. Even if he had, the record shows the State asserted, in its verified petition, this very claim. Moreover, proof of the dangerousness standard does not require the State to *argue* the no-conditions element is satisfied; the State must prove the no-conditions element "by clear and convincing evidence." *Id.* § 110-6.1(e)(3)(i).

¶ 24    Here, we find the trial court did not abuse its discretion in finding the State proved this element by clear and convincing evidence. First, the State had to prove the proof is evident or the presumption great defendant committed the charged offenses (see *id.* § 110-6.1(e)(1)), and

defendant did not challenge that finding on appeal. For purposes of this appeal, we view the proffered evidence with the presumption defendant possessed the three videos of child pornography. In addition to those 3 videos, defendant's account contained 14 other pornographic videos of young girls either masturbating or engaging in sexual acts with adults. These videos were found on a computer in a house where defendant resided with a 16-year-old and a 17-year-old. While defense counsel suggested at the detention hearing these children had been removed from the home, which would allow defendant to be returned home, there was no proffer supporting that conclusion. Indeed, we cannot make that inference given the children's ages and the fact defendant had himself been removed from the home and arrested. DCFS may have concluded the older teens could remain at home with their mother. While defendant's 30-year-old arrest for sexual battery is remote, it is a sexual offense that bears some relevancy to defendant's current charges. The State's proffers show it was not an abuse of discretion to conclude the evidence clearly and convincingly establishes defendant could not safely be returned home. The court's decision this element is proved is not "arbitrary, fanciful or unreasonable." (Internal quotation marks omitted.) See *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 25    Defendant's case law supporting his claim is distinguishable. The defendant in *People v. Collins*, 2024 IL App (2d) 230577-U, ¶ 4, faced the same charges as defendant. In that case, however, there is no evidence the defendant resided with minors in a home where the defendant would return if not detained. See *id.* ¶¶ 5-8.

¶ 26                                    III. CONCLUSION

¶ 27    For the foregoing reasons, we affirm the trial court's judgment.

¶ 28    Affirmed.