NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240441-U

NO. 4-24-0441

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 5, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| RICHARD GLENN JACKSON, | ) | No. 24CF203 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Kording, |
| | ) | Judge Presiding. |

---

JUSTICE VANCIL delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2    Defendant, Richard Glenn Jackson, appeals the trial court's denial of his pretrial release pursuant to the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 *et seq.* (West 2022)), hereinafter as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). We affirm the court's judgment.

¶ 3                                  I. BACKGROUND

¶ 4    Defendant was charged with 36 counts of possession of child pornography. 720 ILCS 5/11-20.1(a)(6) (West 2022). Counts 1-4 are for possession of photos and counts 5-36 are for possession of videos. The State filed a petition to deny defendant pretrial release. At the hearing on that petition, the State proffered detailed descriptions of the photos and videos possessed by defendant. It argued, based on the violence depicted in the photos and videos, and

the fact that violence was an essential element in the creation of the material for which defendant's alleged activity created a demand, defendant posed a real and present threat to the safety of any person or the community, particularly those under the age of 18. It also argued no condition or combination of conditions of pretrial release could mitigate the threat posed by defendant because, while home confinement or GPS monitoring might mitigate the threat defendant posed to people in person, there was no way to monitor defendant's use of his computer to prevent downloading further pornographic material of children. The State further noted, in the past, defendant both violated an order of protection and had his probation for a Class 4 damage to property conviction revoked, suggesting an unwillingness on defendant's part to comply with court orders.

¶ 5 Defense counsel argued defendant did not pose a real and present threat to any person or the community because his crimes were not crimes of violence. Although possession of child pornography has "upstream consequences," such as a "marketplace effect," defense counsel argued these consequences were not concrete enough to fit into the narrow requirement of a "real and present threat" required by the Code (725 ILCS 5/110-6.1(a) (West 2022)) and fell outside of what the legislature had in mind when drafting it. Defense counsel also contended conditions of release could be placed on defendant to prevent any real contact between defendant and those under 18 and pretrial services had interviewed defendant and recommended release with pretrial supervision.

¶ 6 The trial court agreed with the State, finding it likely defendant had committed detention-eligible offenses, that he posed a real and present threat to the safety of the community, and that no conditions of pretrial release could mitigate the threat. The court acknowledged that

possession of child pornography presented a unique situation in which there was no identifiable victim but nevertheless posed a real threat to the community. It stated, in relevant part:

"So, on the whole, after considering all of those factors and discussing them generally, I would say that the evidence here does show that the defendant poses a real and present threat to the safety of the community and, although difficult to articulate and identify, to, or potentially to, minors in his orbit. I acknowledge that there is some vaguery related to that, because it's not like the defendant was alleged at this time, and hopefully ever, to have been involved in actually producing or—producing such content, or involving minors, his own or others, in anything like that ***. At the same time, these are images that are very disturbing and the law in Illinois is pretty clear that, even if it's a hands-off offense, that the production, publication, consumption, access of any images like this, is effectively legally a revictimization of the minors depicted in this kind of conduct. So, grappling with the unusual nature of these charges, I do think that this is, this was graphic and violent sex acts performed on minors and in some instances where there was evidence of restraint, evidence of multiple different types of abuse, sexualized abuse, and expressions of pain and discomfort and a desire for the conduct to stop. That can't be cast aside and disregarded merely on a 'he didn't touch the victims themself' argument***.

* * *

*** I think, on the whole, the State has clearly shown here by the required quantum of proof, at least, that the defendant poses a risk. I don't have any doubt that he would continue to try and access and or consume images that Illinois law

seems pretty clearly to have established that victimize the people depicted, even if the defendant or the State are not exactly sure of the identity of the minors."

¶ 7        This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9        The Code presumes all defendants are eligible for pretrial release before conviction. 725 ILCS 5/110-2(a) (West 2022). In order to deny a defendant pretrial release, a trial court must first find (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense, (2) the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and (3) no condition or combination of conditions of pretrial release can mitigate the threat posed. *Id.* § 11-6.1(e)(1)-(3). A trial court's decision to grant or deny pretrial release is reviewed for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. An abuse of discretion occurs where a trial court's decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with it. *Id.* ¶ 10.

¶ 10                                   A. Forfeiture

¶ 11       Defendant first argues the "dangerousness" standard under the Code requires a finding that the defendant poses a threat to someone's *physical* safety. The State, in turn, argues defendant has forfeited this claim for failure to raise it at his detention hearing or in his notice of appeal. We disagree with the State. At the detention hearing, defense counsel stated, in relevant part:

          "These are nonviolent offenses. Just to be clear, child sexual abuse material, child
          pornography, it's the only material in our country that you're not allowed to
          possess ***. The reason why that is, is because there are these upstream

- 4 -

consequences *** there's the idea that for this to be created, there has to be abuse and there's these marketplace effects, and that's well established. That is not what the [Act] necessarily looks at. The [Act] talks about real and present threats to any person or the community *** the legislature chose to go with a much more narrow 'real and present' threat standard, not an 'upstream effect,' not a 'supporting of the child pornography marketplace effect,' but 'real and present.' It has to be concrete ***. The State's theory of 'anyone who has child pornography is a danger because of the upstream market effects' is outside of what the legislature had in mind with the [Act]."

In his notice of appeal following the detention hearing, defendant checked a box indicating the State failed to prove he posed a real and present threat to the safety of any person or persons or the community. In the space provided below the checked box, he elaborated:

"The trial court, in finding that defendant poses and real and present threat to the safety of any person or persons or the community, relied exclusively upon the potential risk that defendant, if released, may access and view child pornography. For reasons explained further in the forthcoming memorandum, defendant's possible accessing of child pornography, without more, does not constitute a 'real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case' within the meaning of Section 110-6.1 of the [Code] (725 ILCS 5/110-6.1)"

Although defendant did not argue the Code requires a threat to physical safety in those exact terms at his detention hearing or in his notice of appeal, we believe it nevertheless falls under the umbrella of the more general argument articulated in both, which is that the legislature, in

drafting the Act, did not intend the "dangerousness" standard to include nonviolent offenses, with nothing more. We therefore find defendant has not forfeited this argument.

¶ 12                          B. "Dangerousness" Under the Code

¶ 13          Defendant argues the Code's requirement that a defendant pose a real and present threat to a person, persons, or the community to be denied pretrial release should be read as requiring a *physical* threat. In support of this argument, defendant looks to the Illinois Constitution's bail clause, which provides, in relevant part:

> "All persons shall be bailable by sufficient sureties, except for the following offenses where the proof is evident or the presumption great: *** felony offenses for which a sentence of imprisonment, without conditional and revocable release, shall be imposed by law as a consequence of conviction, when the court, after a hearing, determines that release of the offender would pose a real and present threat *to the physical safety* of any person." (Emphasis added). Ill. Const. 1970, art. I, § 9.

Defendant argues this constitutional language implicitly constrains the language of the Code to require a threat to physical safety before denying pretrial release. However, this is not an issue we need address because, for the reasons stated below, we find that a defendant charged with possession of child pornography does indeed pose a physical danger to persons or the community, regardless of whether or not the Code so requires. It is well-established that, when possible, cases should be decided on nonconstitutional grounds. *The Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 34. We will therefore turn our analysis to the danger posed by the possession of child pornography.

¶ 14          C. Possession of Child Pornography as a Threat Under the Code

¶ 15        Defendant's second argument is that, even absent a finding that the Code requires a threat to physical safety, the harms associated with the mere possession of child pornography still do not constitute a real and present threat as required by the Code. Specifically, defendant contends that indirect marketplace effects are too remote and hypothetical to be reasonably classified as "real and present" and that the dignitary harm experienced by a child victim when record of their abuse is viewed is not the type of "harm" the Code seeks to guard against for purposes of pretrial release.

¶ 16        We disagree. In drafting the Act, the legislature included the offense of which defendant is charged, possession of child pornography (720 ILCS 5/11-20.1(a)(6)(West 2022)), in the list of offenses for which pretrial release might be denied. See 725 ILCS 5/110-6.1(a)(5) (West 2022). Notably, in the same section, the legislature chose to exclude other sex offenses under the same article of the Criminal Code of 2012 (Criminal Code), for example, prostitution and public indecency. *Id.* The Code does not offer a blanket inclusion of every offense possible, or even every sex offense possible; it deliberately enumerates those it considers eligible for pretrial detention. Clearly the legislature considered the dangers posed by possession of child pornography sufficient for pretrial detention when it specifically listed that offense as eligible for detention.

¶ 17        Second, the Code provides trial courts with a nonexhaustive list of factors they may consider in determining a particular defendant's dangerousness for purposes of pretrial release. Included in the list is the nature and circumstances of the offense charged, including whether it is a crime of violence or a sex offense. *Id.* § 110-6.1(g). Possession of child pornography is a sex offense under Article 11 of the Criminal Code (720 ILCS 5/art. 11 (West 2022)), a factor the Code allows courts to consider when determining dangerousness. Once

again, when the legislature explicitly lists sex offenses as a factor in determining dangerousness, we find the legislature intended to treat the dangers of sex offenses as a basis for pretrial detention.

¶ 18        We finally turn our attention to the issue of possession of child pornography itself and the harm it poses. Although defendant suggests possession of child pornography is not a crime of violence because the mere possessor of such materials had no direct role in creating them, we are unconvinced. Indeed, we find the possession of child pornography inextricable from the act of creating it. Put simply, in order for defendant to possess materials depicting child sexual abuse, child sexual abuse had to have occurred. The abuse endured by these children, created for those, like defendant, who consume child pornography, is not a hypothetical possibility that may or may not come to pass. It has already happened; it in fact happened 36 times to produce the 36 photos and videos in defendant's possession. The children shown in these materials, though unidentified and unknown to either defendant or the court, are nevertheless real victims who experienced real abuse. We find it reasonable to conclude a defendant who would continue to seek out child sexual abuse material if granted pretrial release, would therefore pose a real and present physical threat to persons in the community, specifically the minors that have fallen or may fall victim to those who would abuse them to create material for that defendant's consumption. We would also note that this conclusion aligns with our own past cases, as well as those of other Illinois appellate courts. See generally *People v. Phillips*, 2024 IL App (4th) 240372-U (the trial court did not abuse its discretion in determining that a defendant charged with possession of child pornography was dangerous); *People v. Collins*, 2024 IL App (2d) 230577-U (no abuse of discretion occurred where a defendant charged with possession of child pornography was found dangerous under the factors listed in section 110-

6.1(g) of the Code); *People v. Schulz*, 2024 IL App (1st) 240422 (the trial court correctly focused on the defendant's threat to children in determining his dangerousness under the Code, where the defendant was charged with possession and dissemination of child pornography).

¶ 19                    D. Abuse of Discretion Determination

¶ 20        Having determined that possession of child pornography is not inherently outside of the scope of "dangerousness" under the Code, we now turn our analysis to whether the trial court abused its discretion in finding defendant in the present case posed a threat to a person or the community. At defendant's pretrial detention hearing, the court explained its reasoning thoroughly, going through the factors listed in the Code to determine a defendant's dangerousness. It concluded, based on defendant's repeated pattern of behavior in accessing child pornography, defendant would likely continue to access child pornography if granted pretrial release. It also noted the violence involved in the depictions, with some children being restrained and crying out in pain and discomfort, expressing a desire for the acts to stop. For purposes of completeness, we also note the court looked at defendant's criminal past, specifically his violation of an order of protection and his failure to successfully complete probation, as an indication he would not comply with any conditions of pretrial release the court might impose. We therefore find the court did not abuse its discretion in determining defendant posed a real and present threat and ultimately denying him pretrial release.

¶ 21                            III. CONCLUSION

¶ 22        For the reasons stated, we affirm the trial court's judgment.

¶ 23        Affirmed.