NOTICE
Decision filed 11/10/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250639-U

NO. 5-25-0639

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 24-CF-818 |
| | ) | |
| CONNOR GILONSKE, | ) | Honorable |
| | ) | Mark S. Goodwin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Boie and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's orders granting the State's verified petition to deny pretrial release and denying the defendant's motion for relief are affirmed.

¶ 2    The defendant, Connor Gilonske, appeals from the July 23, 2025, denial of his motion for relief and immediate release and the November 12, 2024, order of the circuit court of Vermilion County that granted the State's petition to deny him pretrial release.

¶ 3                                I. BACKGROUND

¶ 4    On November 8, 2024, the defendant was charged with six counts of disseminating child pornography, a Class X felony, and six counts of possession of child pornography, a Class 2 felony. 720 ILCS 5/11-20.1(a)(2), (6) (West 2022). The same day, the State filed a verified petition to deny the defendant pretrial release where he was charged with a qualifying sex offense and that

1

his pretrial release would pose a real and present threat to the safety of any person or persons of the community.

¶ 5    The matter proceeded to a hearing on November 12, 2024. At the hearing, the State proffered that the nationwide clearinghouse Internet Crimes Against Children discovered that child sexual abuse material had been uploaded and distributed via the social media platform KIK. The Illinois State Police received the information to investigate. Through search warrants, it was discovered that the IP addresses and devices used to view and distribute the files belonged to the defendant. Additionally, the email used for the KIK accounts described and matched the defendant's background, including work experience with Court Appointed Special Advocates (CASA), as well as his education and political aspirations.

¶ 6    The KIK accounts belonging to the defendant contained sexual abuse material, including several videos and images of prepubescent children involved in sexual acts. This material was sent to other users. The defendant's chats on the accounts also showed the defendant requesting child pornography. Further, the chat showed the defendant claimed to engage in sexual contact with children as young as nine years old. An additional search of the defendant's phone after his arrest showed messages that discussed trading child pornography and the defendant fantasizing about sexually assaulting his young, female cousin. The State argued that the defendant was dangerous to any minor child in the community and the defendant's unknown cousin. The State asked for the defendant's detention. The defendant argued that he be released and placed on pretrial conditions, including home confinement and counseling through his church.

¶ 7    The circuit court found that the defendant committed a detainable offense and he poses a real and present threat to the community. The court noted that the defendant was involved with CASA, which serves families with young children, and that the defendant stated he wished to

2

engage in sexual contact with children. The circuit court found that no conditions would mitigate the defendant's threat, as he could still leave home and access the internet. The court then ordered him detained.

¶ 8     At a pretrial hearing on November 25, 2024, the defendant orally moved to reconsider the pretrial detention order, which the circuit court did not consider as a motion for relief. The defendant proffered that the defendant could live with his mother and step-father upon release, and they disconnected the internet at their home. The defendant further had other health issues that the jail did not properly treat. The defendant stated that he would abide by any pretrial conditions, including no internet access or home confinement. The State responded that the defendant could evade detection from his family by using the internet, as he was prior to his arrest. Further, the defendant did not abide by the law prior to his arrest, which suggests that he would not follow them upon his release. The circuit court ordered his continued detention.

¶ 9     The defendant filed a motion for relief on June 18, 2025. The motion stated that the circuit court erred in finding that no conditions or combination of conditions could mitigate any real and present threat posed by the defendant. The matter proceeded to a hearing on July 23, 2025. At the hearing, the defendant called his grandmother, Mary Gilonske, to testify. Mary stated that she lived with her husband, and neither of them were employed due to retirement or disabilities. Mary testified that the defendant could reside with her, and that she would have the internet removed from her home during the pendency of the case. The defendant presented his medical records and character letters to the court as evidence. The defendant also submitted his pretrial risk assessment, of which he received a score of zero.

¶ 10     The State proffered the defendant's charges and the history of the case, as described above. Additionally, more information was discovered on the defendant's phone, including more child

3

rape depictions, bragging about sexually assaulting a 12-year-old boy in 2023, and more fantasies of assaults. The State argued that the defendant was able to keep his actions secret from his family previously and knew how to "manipulate the social media devices to interact with other people who are also hiding their predilection for child pornography." The defendant previously offered to stay in a home with no internet access as a condition, and the court did not release the defendant despite the condition. The defendant's health concerns had also been addressed by the jail.

¶ 11 The defendant argued that the defendant's grandmother would be willing to disconnect her internet if he resides with her, and provide proof to the court of the disconnect. The defendant would also comply with a home confinement order. Additionally, multiple people from the defendant's church provided letters in support of his character and committing another offense while on release would be "devastating" to the defendant due to their support. The defendant now has a "very strong motivation" to comply with pretrial release since he has experienced jail for several months and is aware of the consequences of violating the conditions.

¶ 12 The circuit court stated that it appreciated the information contained in the exhibits, but "nothing really changes at this hearing concerning the severity of the charges." The court stated that the conditions offered from the defendant, no internet access and home confinement, would not mitigate the threat the defendant posed to the community. The circuit court then denied the defendant's motion for relief. The defendant timely appealed.

¶ 13                                    II. ANALYSIS

¶ 14 The defendant filed his motion for relief on June 18, 2025. The motion for relief argued that the circuit court erred in denying the defendant pretrial release because a condition or combination of conditions could be imposed to mitigate any real and present threat the defendant may pose, and any potential willful flight. The Office of the State Appellate Defender (OSAD)

4

was appointed to represent the defendant. OSAD filed a memorandum pursuant to Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) on behalf of the defendant. On appeal, the defendant argues that the State failed to prove that he posed a real and present threat because possession and dissemination of child pornography "is not a violation of a child's physical safety." The defendant also argues that the State failed to prove by clear and convincing evidence that no conditions could mitigate the risk of danger posed by the defendant.

¶ 15    Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The State or the defendant may present evidence to the trial court by way of proffer based upon reliable information. *Id.* § 110-6.1(f)(2). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 16    Our standard of review of pretrial release determinations is twofold. Where the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the trial court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54. However, where the trial court is asked to consider the testimony of live witnesses, and make factual findings, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release, our standard of review is the manifest weight of the evidence. *Id.* "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). Due to the live testimony during the motion for relief hearing, our standard of review is manifest weight of the evidence.

¶ 17    A defendant may be denied pretrial release only in certain limited situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2024). After filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that (1) the defendant has committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and (3) less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f).

¶ 18    Once a court determines that the defendant poses a threat to the safety of any individual or the community, the trial court must determine whether the State has met its burden by clear and

convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person;[1] (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id*. The statute lists no singular factor as dispositive. See *Id*. The nature and circumstances of the underlying offense is "just one factor to consider in determining whether the threat posed can be mitigated by conditions of release." *People v. Lopez*, 2025 IL App (2d) 240709, ¶ 19.

¶ 19   The defendant first argues that possession and dissemination of child pornography does not pose a real and present threat to the children in the community. During the initial detention hearing, the defendant addressed possible conditions of release available, but did not argue that he does not pose a real and present threat. In the defendant's motion for relief, he only argued that the State failed to prove that the defendant would not comply with any available pretrial conditions. The defendant did not argue that he does not pose a real and present threat to the community at any point before the circuit court.

---

[1]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2024).

¶ 20 Rule 604(h)(2) states, "Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Allowing parties to raise an issue for the first time on appeal would "allow a party to circumvent the rules and ignore the importance of first placing the argument before the trial court." *People v. Drew*, 2024 IL App (5th) 240697, ¶ 44. Because the defendant did not contest the fact that he posed a real and present threat to the community during the initial hearing or the motion for relief hearing, he has waived the argument.

¶ 21 The defendant challenges next that no conditions would mitigate his risk. The defendant specifically states several possible conditions, such as home confinement with electronic monitoring and no access to the internet. The defendant asks this court to follow *People v. Reamy*, 2024 IL App (2d) 240084-U, an unpublished case from the Second Appellate District, in which a defendant was charged with possession and dissemination of child pornography and released with conditions. *Id.* ¶¶ 4, 9. The appellate court affirmed the release, stating that the conditions would mitigate the risk, not completely prevent it, and that was sufficient. *Id.* ¶¶ 18-19.

¶ 22 This court, however, has previously held that conditions such as home confinement, lack of internet access, and avoiding minors can be insufficient to mitigate the risk posed by possessing and disseminating child pornography. *People v. Schrock*, 2024 IL App (5th) 240507-U, ¶¶ 31, 37. In addition to the charged offenses, the defendant's messages showed his desires and fantasies to sexually assault young children. While the defendant's grandmother has offered to allow the defendant to live with him, the circuit court stated that these types of offenders live in a "world of secrecy" to avoid detection. The defendant utilized an anonymous website to access and request child pornography, as well as sent it to other users.

8

¶ 23 The defendant's possession of child pornography continues to harm the sexually abused children used to create it. "Possession of child pornography is inextricable from the act of creating it, and '[t]he abuse endured by these children, created for those, like defendant, who consume child pornography, is not a hypothetical possibility that may or may not come to pass. It has already happened.' " *People v. Popovich*, 2025 IL App (4th) 250196, ¶ 21 (quoting *People v. Jackson*, 2024 IL App (4th) 240441-U, ¶ 18).

¶ 24 Based on these facts, the circuit court found that no condition or combination of conditions, including home confinement and electronic monitoring, could reasonably mitigate the danger the defendant posed to the community. An opposite conclusion is not clearly evident or the finding itself is not unreasonable, arbitrary, or not based on the evidence presented. Therefore, we find that the trial court's decision to detain the defendant was not against the manifest weight of the evidence. *Morgan*, 2025 IL 130626, ¶¶ 38, 43.

¶ 25                                    III. CONCLUSION

¶ 26 Based on the foregoing reasons, we affirm the circuit court's orders of November 12, 2024, and July 23, 2025.

¶ 27 Affirmed.