NOTICE

Decision filed 11/12/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250670-U

NO. 5-25-0670

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Moultrie County. |
| | ) | |
| v. | ) | No. 25-CF-41 |
| | ) | |
| SCOTTY L. BUXTON, | ) | Honorable |
| | ) | Gary A. Webber, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice McHaney and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's orders granting the State's verified petition to deny pretrial release and denying the defendant's motion for relief are affirmed.

¶ 2    The defendant, Scotty Buxton, appeals from the July 25, 2025, denial of his motion for relief and immediate release and the June 27, 2025, order of the circuit court of Moultrie County that granted the State's petition to deny him pretrial release.

¶ 3                                I. BACKGROUND

¶ 4    On June 26, 2025, the defendant was charged with one count of disseminating child pornography, a Class X felony (count I), and one count of possession of child pornography, a Class 2 felony (count II). 720 ILCS 5/11-20.1(a)(2), (6) (West 2024). On June 27, 2025, the State filed a verified petition to deny the defendant pretrial release based upon the defendant being charged

1

with a qualifying sex offense and that the defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community. The matter proceeded to a hearing on the State's petition on the same day.

¶ 5     At the hearing, the State proffered that on January 31, 2025, the Illinois Internet Crimes Against Children Task Force received a tip of an uploading of suspected child pornography via KIK, an online social messenger platform, occurring on December 4, 2024. Special Agent Hettinger with the Illinois State Police investigated the claim, and determined that the video did depict child pornography. The video file was uploaded to an account and email address that was discovered to belong to the defendant. Through a search warrant, it was discovered that the defendant downloaded the video file and delivered it to at least one other user. The defendant's account also showed messages seeking additional child pornographic material. Special Agent Hettinger located the defendant at a local church youth group and conducted a noncustodial interview. The defendant admitted that he used his cell phone to receive and share child pornography with other KIK users. The defendant stated that he had accessed child pornography at least 25 prior times for sexual gratification.

¶ 6     The State argued that the defendant admitted to committing detainable offenses. Further, as to dangerousness, the State said:

> "[C]hild pornography would not exist were there not a need and demand for it. Therein, the Defendant has on at least 25 times that he admitted created that demand, and there is no question that irreparable harm that is done, both physically and emotionally, to victims when such videos are produced and disseminated."

¶ 7     The State argued that in order for the defendant to possess child pornography, child sexual abuse has to occur, and the children in the videos have already endured abuse as a result of the

2

demand. The State said that the defendant's actions cause potential harm and actual harm to child victims.

¶ 8    The State argued that no conditions would mitigate the real and present threat because there are no resources to stop a person on home confinement from accessing the internet and further pursuing child pornography. Because no conditions exist to mitigate the threat, the State requested the defendant be detained.

¶ 9    The defendant then proceeded to argument. Defense counsel stated:

> "[We] do not contest that it's a detainable offense. We do not contest that there is a real and present threat to the community or persons in the community for purposes of this hearing. We also do not contest that the proof is evident or the presumption great that the defendant committed the offense."

The defendant only argued that there were conditions available to mitigate any risk. The defendant argued that he is 59 years old, married, and has no criminal history. He self-surrendered due to the warrant for his arrest and has lived in the area for the majority of his life. Further, the defendant scored a 0 on the Virginia Pretrial Risk Assessment Instrument—Revised (VPRAI). The defendant stated that he would agree to any pretrial terms, including electronic home monitoring, no access to the internet, no contact with minor children, mental health evaluation and treatment, or sex offender evaluation and treatment. Additionally, the defendant's father-in-law offered to allow the defendant to reside with him, and installed protection on all his devices and removed the computer from his home. His father-in-law also agreed to report any violations to authorities. The defendant argued that these conditions would mitigate the risk the defendant posed.

¶ 10    The circuit court stated:

3

"I certainly agree with the prosecutor when a defendant admits to engaging in activity, that creates the demand for child pornography, which this Defendant has admitted to engaging in a couple dozen times and supplying others who wish to receive that type of material, they not only create a demand for it, but that creates a demand for child abuse, child sexual abuse more specifically, and encourages that behavior."

The circuit court stated that no available conditions would mitigate the risk of the defendant accessing additional child pornography because he cannot have someone watching over his shoulder continuously. The circuit court additionally stated that it was concerned with a mental health or addiction issue contributing to the defendant's desire to view child pornography. The circuit court found that no conditions of pretrial release would mitigate the risk of harm.

¶ 11　　The defendant filed a motion for relief on July 8, 2025. The motion argued that the State did not prove, by clear and convincing evidence, that no conditions or combination of conditions could mitigate any danger the defendant posed. The motion stated that the defendant resides in the area and has for 23 years, is married, is a veteran, and was employed before he became disabled 7 years ago. Further, the defendant scored a 0 on the VPRAI risk assessment, and would be able to live with his father-in-law if released, subject to conditions such as no internet access.

¶ 12　　The hearing on the motion for relief was held on July 25, 2025. During the hearing, the defendant stood on the contents of the motion and reiterated that the conditions outlined in the motion would sufficiently mitigate any risk to the community. The State argued that the circuit court correctly denied the defendant pretrial release during the initial hearing, and asked the court to deny the motion for relief. The circuit court stated that it did consider all the factors listed in the motion, and that in addition to the charge itself, the court considered that the "defendant's behavior

4

with regard to the dissemination of child pornography does create a risk to the community." Further, the suggested conditions do not mitigate the risk of danger created by the defendant's actions. The circuit court denied the motion for relief. The defendant then timely appealed.

¶ 13                                II. ANALYSIS

¶ 14    The defendant filed his motion for relief on July 8, 2025. The motion for relief argued that the State failed to meet its burden of proving by clear and convincing evidence that no conditions or combination of conditions can mitigate the real and present threat to the safety of any person or persons. The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a memorandum pursuant to Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) on behalf of the defendant. On appeal, the defendant argues that the State failed to prove by clear and convincing evidence that no conditions could mitigate the risk of danger posed by the defendant. The defendant also argues that the State failed to prove the defendant's release "would pose the type of real and present threat to safety contemplated" by the pretrial detention statute. Further, trial counsel was ineffective for failing to raise and preserve this issue for appeal.

¶ 15    Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions

would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The State or the defendant may present evidence to the trial court by way of proffer based upon reliable information. *Id.* § 110-6.1(f)(2). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 16    Our standard of review of pretrial release determinations is twofold. Where the trial court is asked to consider the testimony of live witnesses, and make factual findings, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release, our standard of review is the manifest weight of the evidence. *People v. Morgan*, 2025 IL 130626, ¶ 54. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). Alternatively, where the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the trial court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *Morgan*, 2025 IL 130626, ¶ 54. In the present matter, the parties proceeded solely by proffer, so we will employ *de novo* review.

¶ 17    The pertinent statute provides a nonexhaustive list of factors courts should consider in determining whether a defendant poses a real and present threat to the safety of any individual(s) or the community. Those factors include (1) the nature and circumstances of the offenses charged,

6

including whether they are crimes of violence or involve a weapon; (2) whether the defendant's prior criminal history indicates "violent, abusive, or assaultive behavior, or lack of such behavior"; (3) the identity of any individual to whose safety the defendant may pose a threat and the nature of any such threat; (4) the defendant's age and physical condition; (5) the age and physical condition of the victim or complaining witness; (6) whether the defendant possesses or has access to any weapons; (7) whether the defendant was on probation, parole, or mandatory supervised release when arrested on the underlying charges or any other offense; and (8) any other factor that has a reasonable bearing on the defendant's propensity for violent, abusive, or assaultive behavior (725 ILCS 5/110-6.1(g)(1)-(9) (West 2024)). No one factor is determinative, and the court must base its decision on an individualized assessment. *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 15 (citing 725 ILCS 5/110-6.1(f)(7) (West 2022)).

¶ 18     Once a court determines that the defendant poses a threat to the safety of any individual or the community, the trial court must determine whether the State has met its burden by clear and convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2024). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person;[1] (4) the nature and seriousness of the specific, real, and

[1]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2024).

7

present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id*. The statute lists no singular factor as dispositive. See *id*. The nature and circumstances of the underlying offense is "just one factor to consider in determining whether the threat posed can be mitigated by conditions of release." *People v. Lopez*, 2025 IL App (2d) 240709, ¶ 19.

¶ 19    We now consider, as the circuit court did, the record presented by the State. The defendant challenges that no conditions would mitigate his risk. The defendant specifically states several possible conditions, such as home confinement with electronic monitoring, no access to the internet, no contact with minors, a mental health evaluation and treatment, and sex offender evaluation and treatment. Further, the defendant could live with his father-in-law, who put protection on his devices and removed his computer from the home. His father-in-law would have "zero tolerance" and report any violations to the authorities. While these are potential conditions available, we agree with the circuit court that they do not mitigate the risk posed by the defendant.

¶ 20    The defendant asks this court to follow *People v. Reamy*, an unpublished case from the Second Appellate District, in which a defendant was charged with possession and dissemination of child pornography and released with conditions. 2024 IL App (2d) 240084-U, ¶¶ 4, 9. The appellate court affirmed the release, stating that the conditions would mitigate the risk, not completely prevent it, and that was sufficient. *Id*. ¶¶ 18-19.

¶ 21    This court, however, has previously held that conditions such as home confinement, lack of internet access, and avoiding minors can be insufficient to mitigate the risk posed by possessing and disseminating child pornography. *People v. Schrock*, 2024 IL App (5th) 240507-U, ¶¶ 31, 37. In addition to the charged offenses, the defendant admitted that he accessed child pornography at least 25 more times. While the defendant's father-in-law has offered to allow the defendant to live

8

with him, the circuit court found, and we agree, that the defendant already went undetected by his wife, despite living with her, while he accessed child pornography. The defendant utilized an anonymous website to access and request child pornography, as well as sent it to other users. The circuit court correctly stated that it could not order someone to be watching "over his shoulder" at all times to mitigate the risk of him accessing additional child pornography.

¶ 22    The defendant's possession of child pornography continues to harm the sexually abused children used to create it. "Possession of child pornography is inextricable from the act of creating it, and '[t]he abuse endured by these children, created for those, like defendant, who consume child pornography, is not a hypothetical possibility that may or may not come to pass. It has already happened.' " *People v. Popovich*, 2025 IL App (4th) 250196, ¶ 21 (quoting *People v. Jackson*, 2024 IL App (4th) 240441-U, ¶ 18). The circuit court correctly stated that the defendant by possessing child pornography "creates a demand for child abuse, child sexual abuse more specifically, and encourages that behavior." Based on the specific facts of the case, the nature and circumstances of the offenses, and the defendant's background and characteristics, we agree with the circuit court that no condition, or combination of conditions, would mitigate the risk of the defendant possessing or disseminating child pornography.

¶ 23    The defendant also argues that possession and dissemination of child pornography does not pose a real and present threat to the children in the community. He argues that trial counsel was ineffective for failing to raise the issue and preserve it for appellate review. During the initial detention hearing, defense counsel stated, "We do not contest that there is a real and present threat to the community or persons in the community for purposes of this hearing." In the defendant's motion for relief, he argues that the State failed to prove that the defendant would not comply with any available pretrial conditions offered during the initial hearing. The defendant does not argue

that he does not pose a real and present threat to the community at any point before the circuit court.

¶ 24　　Rule 604(h)(2) states, "Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Allowing parties to raise an issue for the first time on appeal would "allow a party to circumvent the rules and ignore the importance of first placing the argument before the trial court." *People v. Drew*, 2024 IL App (5th) 240697, ¶ 44. Because the defendant did not contest the fact that he posed a real and present threat to the community during the initial hearing or the motion for relief hearing, he has waived the argument.

¶ 25　　The defendant additionally argues that trial counsel was ineffective for failing to raise the issue of dangerousness and preserve it for appeal. "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Cathey*, 2012 IL 111746, ¶ 23. This requires a defendant to show "that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). A failure to satisfy either *Strickland* prong "precludes a finding of ineffective assistance of counsel." *People v. Henderson*, 2013 IL 114040, ¶ 11. As such, failure to establish prejudice is a sufficient basis to deny a claim of ineffective assistance of counsel. *People v. Jackson*, 2020 IL 124112, ¶ 91.

¶ 26　　As we found in *Drew*, "Here, at the pretrial release hearing stage of the proceeding, defendant cannot show a reasonable probability that the result of the criminal process would have been different because no plea deal is at issue and defendant's trial has not been held." *Drew*, 2024

IL App (5th) 240697, ¶ 37. Further, ineffective assistance of counsel claims fail to show prejudice when a defendant's pretrial release was delayed based on the actions of counsel. *Id.* Therefore, we hold that the defendant's claim of ineffective assistance of counsel fails because no prejudice can be shown.

¶ 27 Accordingly, we agree with the circuit court that no condition or combination of conditions can mitigate the risk posed by the defendant, and pretrial detention is appropriate. The circuit court's orders of June 27, 2025, and July 25, 2025, are affirmed.

¶ 28                                III. CONCLUSION

¶ 29 Based on the foregoing reasons, we affirm the circuit court's orders of June 27, 2025, and July 25, 2025.

¶ 30 Affirmed.